UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ENGELMAYER

| | |
|---|---|
| K2 GLOBAL PARTNERS LLC, K2 INTELLIGENCE, INC. and K2 INTELLIGENCE, LLC, <br><br> Declaratory Judgment Plaintiffs, <br><br> v. <br><br> K2 ADVISORS, L.L.C. and K2/D&S MANAGEMENT CO., L.L.C., <br><br> Declaratory Judgment Defendants. | **13 CV 5354** <br><br> COMPLAINT FOR DECLARATORY JUDGMENT <br><br> Civil Action No.: _____ <br><br> ECF CASE |



Plaintiffs, K2 Global Partners LLC, K2 Intelligence, Inc. and K2 Intelligence, LLC (collectively, "K2 Intelligence" or "Plaintiffs"), as and for its Complaint for Declaratory Judgment against defendants, K2 Advisors, L.L.C. and K2/D&S Management Co., L.L.C. (collectively, "K2 Advisors" or "Defendants"), allege as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### THE PARTIES

1. K2 Global Partners LLC is a privately held limited liability company having its principal place of business in New York, New York.

2. K2 Intelligence, Inc., formerly known as K2 Global Consulting, Inc., is a Delaware corporation having its principal place of business in New York, New York.

3. K2 Intelligence, LLC, formerly known as K2 Global Consulting, N.A. LLC, is a Delaware limited liability company having its principal place of business in New York, New York. K2 Intelligence, LLC is wholly owned by K2 Intelligence, Inc.

4. K2 Advisors, L.L.C. is a Delaware limited liability company having its principal place of business in Stamford, Connecticut.

5. K2/D&S Management Co., L.L.C. is a Delaware limited liability company having its principal place of business in Stamford, Connecticut. Upon information and belief, K2/D&S Management Co., L.L.C. is an affiliate of K2 Advisors, L.L.C.

## NATURE OF ACTION

6. This is a declaratory judgment action arising under the trademark and unfair competition laws of the United States, 15 U.S.C. § 1051 *et seq.*, and related state laws and the common law concerning trademark rights, trademark infringement and unfair competition.

## JURISDICTION AND VENUE

7. This is a declaratory judgment action pursuant to, *inter alia*, the Federal Declaratory Judgment Act, 15 U.S.C. §§ 2201-02 and the Lanham Act, 15 U.S.C. § 1051 *et seq.* Subject matter jurisdiction is therefore conferred upon this Court by federal statute pursuant to 28 U.S.C. § 1331. Subject matter jurisdiction is further conferred upon this Court under 28 U.S.C. § 1367 with respect to the state and common law claims that form part of the same case and controversy as those federal claims that are subject to this Court's jurisdiction.

8. Upon information and belief, K2 Advisors regularly conducts business in this judicial district, either directly or through its affiliates. Upon further information and belief, K2 Advisors services the financial community, many members of which work or reside within this judicial district.

9. Venue is proper pursuant to 28 U.S.C. §1391(b) because Defendants are doing and transacting business in this judicial district and a substantial portion of the events at issue have arisen and continue to occur in this judicial district.

## FACTS

10. K2 Intelligence is a well-known and highly successful company in the investigative and risk analytics and intelligence consulting industry. For over 40 years, the founders of K2 Intelligence have advised clients on, among other things, the implementation of Anti-Money Laundering and OFAC compliance, business intelligence, investigative diligence, security issues and complex analytics issues.

11. K2 Intelligence has never provided financial services, such as hedge fund services or any other investment advisory service.

12. K2 Advisors is an "an enterprise [that] has focused solely on the business of hedge fund investing" as set forth on the company's website located www.k2advisors.com (the "K2 Advisors Website").

13. The K2 Advisors Website states that "K2 uses a wide range of hedge fund strategies that exhibit lower volatility and correlation to the broad capital markets to achieve investment objectives. Products offered include discretionary and non-discretionary custom-tailored investment programs, commingled funds of hedge funds, and hedge fund investment advisory services."

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

14. On April 19, 2011, K2 Advisors, through its counsel, wrote to Mr. Jules B. Kroll, Chairman of K2 Global Partners LLC, asserting that K2 Advisors owned prior and superior trademark rights in the marks K2 ADVISORS and K2 (collectively, the "Asserted K2 Marks"), and that K2 Global Consulting N.A., LLC and K2 Global Consulting, Inc.'s use of, and applications to register, the marks K2N, K2O, K2 GLOBAL NETWORK, K2 GLOBAL and K2 GLOBAL CONSULTING in connection with their businesses was likely to cause "confusion

and deception as to the source of origin and/or sponsorship of each party's services." *See* Exhibit A, attached hereto.

15. Almost two years later, on March 21, 2013, K2 Advisors, through its counsel, wrote to the trademark counsel for K2 Intelligence, alleging again that K2 Advisors owned superior trademark rights in the Asserted K2 Marks. K2 Advisors also alleged that, in view of these alleged trademark rights, and of K2 Intelligence's use of, and applications to register, the marks K2 GLOBAL NETWORK, K2 GLOBAL, K2 GLOBAL CONSULTING, K2N, K2O, K2 INTELLIGENCE (collectively, the "K2 Intelligence Marks"), K2 Advisors "has a strong claim for trademark infringement." *See* Exhibit B, attached hereto.

16. The March 21, 2013 letter demanded that K2 Intelligence cease all use of the "extremely similar" K2 Intelligence Marks, expressly abandon all of K2 Intelligence's pending applications for those marks, and agree not to file for, register or use any mark, trade name, domain name or keyword that is confusingly similar to the Asserted K2 Marks. K2 Advisors also alleged that K2 Intelligence's actions with respect to its K2 Intelligence Marks have harmed and prejudiced K2 Advisors (and continue to do so).

17. The March 21, 2013 letter stated that counsel for K2 Advisors was "prepared to vigorously defend [its] clients rights," and that if K2 Intelligence failed to comply with K2 Advisor's demands, counsel for K2 Advisors "w[ould] not hesitate to counsel our client on their rights and options for redress."

18. On June 19, 2013, K2 Intelligence, through its counsel, informed K2 Advisors, *inter alia*, that its allegations of infringement lacked merit in light of the differences in the nature of the parties' respective services, the sophistication of both parties' customers, the lack of any evidence of actual confusion among consumers, and the dissimilarity of the parties' respective

marks. K2 Intelligence, accordingly, requested that K2 Advisors withdraw its demands in the March 21, 2013. *See* Exhibit C, attached hereto.

19. Over the next several weeks, the parties discussed potential resolutions of K2 Advisors' trademark infringement claims.

20. However, the parties' attempts to resolve this dispute have not been successful. K2 Advisors continues to assert that the K2 Intelligence Marks infringe upon the Asserted K2 Marks, and that K2 Advisors has, as a result, suffered harm and prejudice, and will continue to do so if K2 Intelligence does not cease use of its K2 Intelligence Marks. Accordingly, there is a significant risk that K2 Advisors will imminently bring a trademark infringement and unfair competition lawsuit with respect to the Asserted K2 Marks and the K2 Intelligence Marks, and there exists a real and actual controversy as to whether K2 Intelligence is liable to K2 Advisors for trademark infringement and unfair competition.

## COUNT I

**Declaratory Judgment — No Trademark Infringement and Unfair Competition**

21. Plaintiff incorporates by reference its allegations in paragraphs 1-20 above.

22. This count arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the New York General Business Law, and New York common law.

23. A justiciable and actual controversy exists before this Court with respect to whether K2 Intelligence's use of the K2 Intelligence Marks infringes upon or otherwise violates any rights claimed by Defendants in the Asserted K2 Marks under the federal, state and common laws for trademark infringement and unfair competition.

24. Accordingly, Plaintiffs seek a declaration that Plaintiff's use of the K2 Intelligence Marks do not infringe upon Defendants' claimed rights in the Asserted K2 Marks or

any other rights asserted by Defendants in connection with the Asserted K2 Marks, or otherwise create any likelihood of confusion under the Lanham Act, New York law and at common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment for Plaintiffs on each and every count, and further that this Court:

 A. Declare that Plaintiffs' K2 Intelligence Marks do not infringe upon or violate any rights owned by Defendants;

 B. Grant an injunction prohibiting Defendants from alleging or threatening that Plaintiffs' use of the K2 Intelligence Marks violates any federal, state or common law trademark rights owned by Defendants; and

 C. Award to Plaintiffs their attorneys' fees, costs, and such other and further relief as this Court may deem just and proper.

Dated: July 31, 2013  By: _____
Howard J. Shire (HS8892)
Margaret C. Lu (ML2295)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Phone: (212) 425-7200
Fax.: (212) 425-5288
Email: hshire@kenyon.com
   mlu@kenyon.com

Stephen D. Susman (SS8591)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue
New York, New York 10022
Phone: (212) 336-8330
Fax: (212) 336-8340
Email: ssusman@susmangodfrey.com

*Attorneys for Plaintiffs,*
*K2 Global Partners LLC, K2 Global Consulting, N.A., LLC, K2 Global Consulting, Inc. and K2 Intelligence LLC*

# Exhibit A



575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

Mark B. Harrison
(202) 344-4019
mbharrison@venable.com

April 19, 2011

**VIA UPS**

Mr. Jules B. Kroll
Chairman
K2 Global Partners
599 Lexington Avenue, 12th Floor
New York, NY 10022

        Re:    Use of K2
                Our Reference: 40310-226424

Dear Mr. Kroll:

      We represent K2 Advisors, L.L.C. and K2/D&S Management Co., L.L.C. (collectively, "K2") of Stamford, Connecticut. K2 is a world class, globally recognized, investment adviser specializing in advising on portfolios of hedge funds and providing hedge fund manager due diligence, investment risk analysis, risk management and related services to institutional clients around the globe.

      K2 is the owner of U.S. Trademark Registration No. 2,481,600, which issued August 28, 2001 for the mark K2 ADVISORS for "investment advisory and management services; investment of funds for others" and is now "incontestable" under the U.S. Trademark Law. K2 also owns U.S. Trademark Registration No. 3,940,917 which issued April 5, 2011 for the mark K2 for "investment advisory and management services; investment of funds for others; hedge fund investment services." These registrations serve as constructive notice of K2's prior trademark rights.

      K2 has been using the K2 and K2 ADVISORS trademarks in connection with its activities since 1994. K2 additionally owns trademark registrations for the marks K2 and K2 ADVISORS in a number of other countries including, but not limited to Canada, Australia, Japan, Hong Kong and the European Community, and has registrations pending in China, India and Malaysia.

      K2 has successfully enforced its trademark rights through both civil actions and administrative actions, including legal action, against K2 Financial LLC, K2 Capital, LP, and K2 Funds, LLC, among others.

1170292

# VENABLE® LLP

Mr. Jules B. Kroll
Chairman
K2 Global Partners
April 19, 2011
Page 2

It has come to our attention that your companies K2 Global Consulting N.A., LLC and K2 Global Consulting, Inc. are using trademarks and trade names incorporating K2 in connection with your businesses, which involve or will involve, among other things, advising companies on complex business risks, including financial, legal and technological risks, and providing risk management, risk assessment, and investigative and due diligence services to businesses and investors. In this regard, we note that your companies have filed applications with the U.S. Patent and Trademark Office to register the trademarks K2N, K2O, K2 GLOBAL NETWORK, K2 GLOBAL and K2 GLOBAL CONSULTING. These applications all are based upon your companies' "intent to use" these trademarks.

Our research indicates that K2 Global Consulting has recently begun offering services (including software) that allows customers to scrutinize the personal, social and business relationships of hedge fund personnel.

We have also recently been made aware of several instances of actual confusion between K2 and K2 Global Consulting N.A., LLC and K2 Global Consulting, Inc. We anticipate that as you expand your use of "K2" as a part of your trademarks and trade names, there is likely to be further confusion and deception as to the source of origin and/or the sponsorship of each party's services, especially now that your products and services are offered in the hedge fund, risk management and due diligence fields.

As you may know, K2's investment advisory and management services and hedge fund investment services include, among other things, operational due diligence and risk management services. We therefore require that you agree to cease and refrain from using the term K2 as a part of any trademark for any products and services that are related to both these business activities and, more broadly, related to "investment advisory and management services; investment of funds for others; hedge fund investment services."

Additionally, we would prefer that you consider changing your companies' trade names to something that does not incorporate the term K2. Changing both your trademarks and trade names now, before you have invested significant time and money in promoting them, would make more sense than waiting until there is even more significant actual confusion.

Please bear in mind, we are not asking or suggesting that you cease or change your business activities; we are merely asking that you not use K2 as a part of your trademarks and trade names in connection with those activities.

# VENABLE® LLP

Mr. Jules B. Kroll
Chairman
K2 Global Partners
April 19, 2011
Page 3

    This matter is of great importance to us, and we therefore look forward to receiving your response within 14 days of the date of this letter.

    In the meantime, K2 reserves the right to take such steps as may prove necessary to protect its rights under the U.S. and global trademark laws.

                              Sincerely,

                              Mark Harrison

MBH/lmf

cc:    John Hornbostel, Esq.

# Exhibit B

Case 1:13-cv-05354-PAE   Document 1   Filed 07/31/13   Page 11 of 19

# FISH & RICHARDSON P.C.

500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Telephone
650 839-5070

Facsimile
650 839-5071

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**VIA EMAIL AND CERTIFIED MAIL**
dsharrow@gunder.com

March 21, 2013

Lisa Greenwald-Swire
650 839-5198

Email
Greenwald-Swire@fr.com

Mr. David P. Sharrow
Gunderson Dettmer Stough Villenueve Franklin & Hac
220 W. 42nd Street, Floor 21
New York, New York 10036-7200

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
HOUSTON
MUNICH
NEW YORK
SILICON VALLEY
SOUTHERN CALIFORNIA
TWIN CITIES
WASHINGTON, DC

Re: K2 Advisors, L.L.C. Trademark Rights / K2 Intelligence, L.L.C. Infringing Use
Our Ref.:    38188-0002001

Dear Mr. Sharrow:

This firm is counsel to K2 Advisors, L.L.C. and K2/D&S Management Co., L.L.C. (collectively referred to as "K2") in intellectual property matters. We write to follow up on prior counsel's letter addressed to Chairman Jules B. Kroll concerning K2 Global Partners trademark infringement. As the listed attorney on all K2 Global Consulting N.A., L.L.C., K2 Global Consulting, Inc. and K2 Intelligence L.L.C. (collectively referred to as "K2 Intelligence") U.S. trademark applications, and since prior communications were not answered, we now address our correspondence to your attention.

We write to reiterate our client's prior and senior rights in its K2 trademarks and our grave concerns regarding continuing instances of actual confusion. As such, we request that your client K2 Intelligence (i) immediately cease using the extremely similar trademarks, namely, K2 GLOBAL NETWORK, K2 GLOBAL, K2 GLOBAL CONSULTING, K2N, K2O, K2 INTELLIGENCE, and any similar variant thereof with the K2 mark, and (ii) immediately and expressly abandon its pending applications for these marks.

As you likely know, K2 was founded in 1994 and has grown to be a leading manager of funds of hedge funds. Since at least as early as 1994, K2 has been using its distinctive K2 and K2 ADVISORS marks in connection with a wide variety of financial services and investment services, including investment advisory services, hedge fund investment services, financial risk management consultation, financial risk planning and due diligence.

K2 owns at least four U.S. Trademark Registrations and Applications for these marks, including U.S. Reg. No. 2,481,600 for the word mark K2 ADVISORS; U.S. Reg. No.

FISH & RICHARDSON P.C.

Mr. Sharrow
March 21, 2013
Page 2

3,940,917 for the word mark K2; U.S. App. No. 85/606,259 for the word mark K2 ADVISORS; and U.S. App. No. 85/606,237 for the word mark K2 (collectively, the "K2 Marks"). Notably, Reg. Nos. 2,481,600 for the word mark K2 ADVISORS is incontestable. (*See* **Exhibit A** for K2 Marks particulars.)

Over the years, K2 has expended substantial efforts and money in promoting the K2 Marks. As a result of K2's efforts, the K2 Marks have become identified in the minds of consumers exclusively with K2's high quality services.

Our client is extremely displeased that, despite our previous communications to K2 Intelligence, K2 Intelligence has filed for and is using at least seven U.S. Trademark Applications that are very similar to our clients K2 Marks and the services offered in connection with the K2 Marks. Specifically, K2 Intelligence is the owner of U.S. App. No. 85/673,251 for the stylized mark K2 INTELLIGENCE; U.S. App. No. 85/669,225 for the word mark K2 INTELLIGENCE; U.S. App. No. 85/200,141 for the word mark K2 GLOBAL CONSULTING; U.S. App. No. 85/200,142 for the word mark K2 GLOBAL; U.S. App. No. 85/200,143 for the word mark K2N; U.S. App. No. 85/200,145 for the word mark K2 GLOBAL NETWORK; and U.S. App. No. 85/200,147 for the word mark K2O (collectively, the "K2 Intelligence Marks").

We believe that K2 has a strong claim for trademark infringement against K2 Intelligence under the Federal Lanham Act. In evaluating likelihood of confusion between the parties' respective marks, please take note of the following relevant factors: (1) the brand recognition of our clients K2 Marks for nearly two decades of exclusive use; (b) the similarity of the marks in their appearance, sound, and commercial impression; (c) the similarity of the services; (d) the overlapping channels of trade; and, most importantly, (e) our evidence of actual confusion.

Our client's concern was recently echoed by the Trademark Examiners reviewing your client's applications. As you are likely aware, the Examiners refused registration of nearly all of your client's applications, finding a likelihood of confusion with K2's registrations. The Examiner recognized that the dominant portion of both parties' marks is the "K2" portion, and that consumers will incorrectly assume an affiliation or association between the two companies. Even the experts at the PTO agree that there is a serious concern for the *likelihood* of consumer confusion, and they are not even aware of the instances of *actual* confusion.

Evidence of actual confusion is the strongest proof of the fact of a likelihood of confusion. See AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 352 (9th Cir. 1979) ("evidence that use of the two marks has already led to confusion is persuasive proof that future confusion is likely"); Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1393 (9th Cir.1993) ("[e]vidence of actual confusion is strong evidence that future confusion is likely"). By way of example, a prospective K2 hedge fund manager

FISH & RICHARDSON P.C.

Mr. Sharrow
March 21, 2013
Page 3

scheduled to meet with K2 mistakenly arrived at the New York City office of K2 Intelligence instead of our client's offices. Our client cannot continue to be prejudiced in this manner.

We are prepared to vigorously defend our client's rights, if necessary, but hope your prompt cooperation can resolve this matter. Accordingly, we again ask that K2 Intelligence (i) cease use of all K2 Intelligence Marks, (ii) expressly abandon its pending applications for these marks, (iii) and agree not to file for, register, or use any other mark, trade name, domain name, keyword that is confusingly similar to the K2 Marks.

In order to avoid any further harm to K2, we request a response within five business days. If you do not take prompt action to cease all infringing activity, respond to our requests, and confirm that you have complied with all of our requests, we will not hesitate to counsel our client on their rights and options for redress.

This letter is without prejudice to the assertion of any and all rights and remedies of K2, all of which are reserved.

Very truly yours,

*[signature]*

Lisa Greenwald-Swire
Principal

Enclosures: Exhibit A

LGS/szo

# Exhibit C

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
| --- | --- | --- | --- |
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

STEPHEN D. SUSMAN
DIRECT DIAL (713) 653-7801

E-MAIL SSUSMAN@SUSMANGODFREY.COM

June 19, 2013

VIA E-MAIL AND CERTIFIED MAIL

Lisa Greenwald-Swire
500 Arguello Street
Suite 500
Redwood City, California
94063-1526

Re:   Response to K2 Advisors, LLC's Demand Letter

Dear Ms. Greenwald-Swire:

We represent K2 Global Consulting N.A., LLC; K2 Global Consulting, Inc.; and K2 Intelligence LLC (collectively, K2 Intelligence). This letter is in response to the March 21, 2013, demand letter sent by K2 Advisors LLC and K2/D&S Management Co., LLC (collectively, K2 Advisors) requesting that K2 Intelligence (1) cease the alleged use of certain K2 Advisors word marks, (2) abandon registration of certain K2 Intelligence trademarks, and (3) agree not to seek registration or use any of K2 Advisors' word marks. After receiving your demand letter, K2 Intelligence looked into the factual and legal bases for the demands. As a result of this preliminary research, K2 Intelligence has determined that K2 Advisors' demands are without merit and do not support a trademark infringement claim.

First, there is no similarity between the services provided by K2 Intelligence, "an investigative and risk analytics consulting firm,"[1] and K2

---

[1] http://www.k2intelligence.com/our-business/

2733654v1/102696

Lisa Greenwald-Swire
June 19, 2013
Page 2

Advisors, a "hedge fund of funds manager."[2] The services offered by K2 Advisors and K2 Intelligence are not even in the same genre of services.

We are aware of at least one case in which K2 Advisors prevailed in a federal trademark infringement case—*K2 Advisors, LLC v. K2 Volatility Fund, LP*, No. 02 CIV. 3984 (AGS), 2002 WL 31235701 (S.D.N.Y. Oct. 4, 2002). The court's analysis hinged, in large part, on the fact that both K2 Advisors and the Defendant were hedge funds. As noted, that is not the case here. K2 Intelligence is not a hedge fund and in no way manages investments.

Second, K2 Advisors' clients are a sophisticated, business savvy segment of the general population—"K2 is also regarded for providing sophisticated investors with individualized attention and customized programs."[3] The likelihood that these "sophisticated investors" would be confused by K2 Intelligence's marks is highly unlikely. *See Bristol–Myers Squibb Co. v. McNeil–P.P.C. Inc.*, 973 F.2d 1033, 1046 (2d Cir. 1992) ("Generally, the more sophisticated and careful the average consumer of a product is, the less likely it is that similarities in trade dress or trademarks will result in confusion concerning the source or sponsorship of the communications.").

Third, K2 Advisors claims that it has evidence of "actual confusion," but the example provided is anecdotal at best. The confusion of an interested witness—a potential K2 Advisors employee—is not the requisite evidence of confusion among consumers. *See Frosty Treats, Inc. v. Sony Computer Enttm't Am., Inc.*, 426 F.3d 1001, 1009–10 (8th Cir. 2005) (stating that more is needed to establish likelihood of confusion than ambiguous statements by an interested person; "Even if testimony is not inadmissible hearsay, it amounts to no more than a scintilla of evidence."); *Door Sys. v. Pro-Line Door Sys.*, 83 F.3d 169, 173 (7th Cir. 1996) (stating that testimony by Plaintiff of only two instances of confusion was hearsay and insufficient to create a triable issue with regard to likelihood of confusion and doubting the admissibility and credibility of this evidence); *see also Star Indus., v. Bacardi & Co.*, 412 F.3d 373, 388 (2d Cir. 2004) (discounting Plaintiff's testimony by interested witnesses of actual confusion that included hearsay statements by unidentified declarants).

---

[2] http://www.k2advisors.com/overview.aspx
[3] http://www.k2advisors.com/overview.aspx

2733654v1/102696

Lisa Greenwald-Swire
June 19, 2013
Page 3

Likewise, the Trademark Examiner's comments for purposes of *trademark registration* are not conclusive evidence of a *legal claim* for likelihood of confusion. *Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 802 (9th Cir. 1970) ("The second major basis upon which plaintiff rests its claim of confusing similarity stems from proceedings before the Patent Office in which, it is claimed, the Patent Office twice decided that confusing similarity exists here. . . . Any such determination made by the Patent Office under the circumstances just noted must be regarded as inconclusive since made at its lowest administrative level. . . . The determination by the Patent Office is rendered less persuasive still by the fact that the Patent Office did not have before it the great mass of evidence which the parties have since presented to both the District Court and this court in support of their claims."); *see also A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 221 (3d Cir. 2000) ("As in *Carter-Wallace*, the PTO in this case was making a low-level preliminary determination, and did not have the benefit of the complete record before the District Court. Furthermore, the PTO attorney's decision was conclusory, not searching or analytical.").

Fourth, that our marks begin with "K2" or include "K2" in some form or fashion is not enough to establish that K2 Intelligence's marks would likely be confused with K2 Advisors' marks. *See M2 Software, Inc. v. M2 Commc'ns, Inc.*, 450 F.3d 1378, 1385 (Fed. Cir. 2006) ("[W]hile the board found the 'M2' portion of the marks to be identical and that the disclaimed term did not create any significant difference in meaning or commercial impression, it did not err in finding that the marks, when considered as a whole, were not identical."). It is well established that when being compared marks cannot be dissected into separate segments, but must be viewed in their entirety as they appear to the consumer. *See Estate of P. D. Beckwith, Inc. v. Commissioner of Patents*, 252 U.S. 538, 545–46 (1920) ("The commercial impression of a trademark is derived from it as a whole, not from its elements separated and considered in detail. For this reason it should be considered in its entirety.").

This is only a partial list of the reasons why K2 Advisors' demands are without merit and should be withdrawn. K2 Intelligence reserves all rights, actions, remedies, and defenses, and nothing in this letter limits, restricts, or waives any of K2 Intelligence's, actions, remedies, or defenses. However,

Lisa Greenwald-Swire
June 19, 2013
Page 4


K2 Intelligence is open to meeting with K2 Advisors to discuss this matter further.


Sincerely,

*Stephen D. Susman*
Stephen D. Susman