**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| K2 GLOBAL PARTNERS LLC,<br>K2 INTELLIGENCE, INC. and<br>K2 INTELLIGENCE, LLC,<br><br>      Declaratory Judgment Plaintiffs and<br>      Counterclaim-Defendants,<br><br>            v.<br><br>K2 ADVISORS, L.L.C. and<br>K2/D&S MANAGEMENT CO., L.L.C.,<br><br>      Declaratory Judgment Defendants<br>      And Counterclaim-Plaintiffs. | **REPLY TO**<br>**COUNTERCLAIMS**<br><br>Case No.: 13-CV-5354 (PAE/KNF)<br><br>ECF CASE |

      Plaintiffs and counterclaim-defendants, K2 Global Partners LLC, K2 Intelligence, Inc. and K2 Intelligence, LLC (collectively, "K2 Intelligence" or "Plaintiffs"), hereby answer the allegations contained in the counterclaims ("Counterclaims") of defendants and counter-claim plaintiffs, K2 Advisors, L.L.C. and K2/D&S Management Co., L.L.C. (collectively, "K2 Advisors" or "Defendants") as follows:

## INTRODUCTION

      1.      Paragraph 1 of the Counterclaims contains conclusions of law, to which no response is required.  To the extent a response is required, K2 Intelligence denies that it has infringed or is infringing upon any alleged rights that K2 Advisors claims to have in the "K2 Advisors Marks," as defined in paragraph 1 of the Counterclaims.  K2 Intelligence also denies that K2 Advisors has made exclusive use of the K2 trade name and mark.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1, and therefore denies the same.

2.      K2 Intelligence admits that K2 Advisors has asserted Counterclaims against K2 Intelligence, based upon theories of infringement of federally registered service marks in violation of the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1114, unfair competition in violation of Section 43(a) of the U.S. Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a), and trademark infringement, unfair competition, dilution and injury to business reputation in violation of the laws of the State of New York and common law, but K2 Intelligence denies that there is a basis to any of K2 Advisors' Counterclaims and further denies that K2 Advisors is entitled to any relief.

## PARTIES

3.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

4.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5.      K2 Intelligence admits that K2 Global Partners LLC is a privately held limited liability company.  K2 Intelligence denies the remaining allegations of paragraph 5.

6.      K2 Intelligence admits the allegations of paragraph 6 of the Counterclaims.

7.      K2 Intelligence admits the allegations of paragraph 7 of the Counterclaims.

## JURISDICTION AND VENUE

8.      K2 Intelligence admits that K2 Advisors has asserted Counterclaims, subject matter jurisdiction over which is allegedly based upon 15 U.S.C. §§ 1121(a) and 1051, *et seq.*, and 28 U.S.C. § 1331, 1332, 1338 and 1367, but K2 Intelligence denies that there is a basis to any of K2 Advisors' Counterclaims and further denies that K2 Advisors is entitled to any relief.

NY01 2651184 v1

9.      K2 Intelligence admits that venue in this judicial district is based upon 28 U.S.C. § 1391, that K2 Intelligence's principal place of business is located in this district, and that K2 Intelligence has transacted business in this judicial district, but K2 Intelligence denies that there is a basis to any of K2 Advisors' Counterclaims and further denies that K2 Advisors is entitled to any relief.

## **FACTS**

10.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies the same.

11.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies the same.

13.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies the same.

14.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies the same.

15.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same.

16.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies the same.

17.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies the same.

NY01 2651184 v1

18.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies the same.

19.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies the same.

20.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies the same.

21.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies the same.

22.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies the same.

23.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies the same.

24.      K2 Intelligence denies that K2 Advisors' services are identical to K2 Intelligence's services.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24, and therefore denies the same.

25.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies the same.

26.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and therefore denies the same.

27.      K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies the same.

28.      K2 Intelligence admits that K2 Intelligence, Inc. was incorporated on August 13, 2010, and K2 Intelligence, LLC was formed on October 22, 2010.  K2 Intelligence is without

- 4 -

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore denies the same.

29.     K2 Intelligence denies the allegations of paragraph 29.

30.     K2 Intelligence admits that it participates in some trade shows and investment advisory conferences, but it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30, and therefore denies the same.

31.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies the same.

32.     K2 Intelligence admits that on or around March 2011, Jules B. Kroll participated in a panel entitled "Lie to Me:  Investment Due Diligence and the Science of Behavioral Analysis" at Commonfund Forum 2011.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies the same.

33.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies the same.

34.     K2 Intelligence denies the allegations of paragraph 34.

35.     K2 Intelligence denies the allegations of paragraph 35.

36.     K2 Intelligence admits that it owns federal trademark applications, Serial Nos. 85/669,225; 85/673,251; 85/200,142; 85/200,141; 85/200,145; 85/200,143; and 85/200,147.  K2 Intelligence further admits that the application documents, which are purportedly attached to the Counterclaims as Exhibits G through M and are available through public records, speak for themselves.  K2 Intelligence denies that K2 Advisors' services are identical to K2 Intelligence's services.

37.     K2 Intelligence denies the allegations of paragraph 37.

38.     K2 Intelligence admits that Trademark Examining Attorney Andrew Rhim preliminarily issued a partial Section 2(d) refusal against federal trademark application Serial Nos. 85/200,142 and 85/200,141 and that Trademark Examining Attorney Ronald McMorrow preliminarily issued a Section 2(d) refusal against federal trademark application Serial Nos. 85/673,251 and 85/669,225, and that the Trademark Examining Attorney's Office Actions speak for themselves.  K2 Intelligence denies that these individuals are "experts" and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph 38, and therefore denies the remaining allegations.

39.     K2 Intelligence admits that, on October 23, 2012, Trademark Examining Attorney Andrew Rhim preliminarily issued a partial Section 2(d) refusal against federal trademark application Serial Nos. 85/200,142 and 85/200,141 and that these office actions, copies of which are purportedly attached to the Counterclaims as Exhibits N and O and are available through public records, speak for themselves.  K2 Intelligence denies the remaining allegations of paragraph 39.

40.     K2 Intelligence admits that, on October 23, 2012, Trademark Examining Attorney Andrew Rhim preliminarily issued a partial Section 2(d) refusal against federal trademark application Serial Nos. 85/200,142 and 85/200,141 and that these office actions, copies of which are purportedly attached to the Counterclaims as Exhibits N and O and are available through public records, speak for themselves.  K2 Intelligence denies the remaining allegations of paragraph 40.

41.     K2 Intelligence admits that, on October 29, 2012, Trademark Examining Attorney Ronald McMorrow preliminarily issued a Section 2(d) refusal against federal trademark

- 6 -

application Serial Nos. 85/673,251 and 85/669,225 and that these office actions, copies of which are purportedly attached to the Counterclaims as Exhibits P and Q and are available through public records, speak for themselves.  K2 Intelligence denies the remaining allegations of paragraph 41.

42.     K2 Intelligence admits that, on October 29, 2012, Trademark Examining Attorney Ronald McMorrow preliminarily issued a Section 2(d) refusal against federal trademark application Serial Nos. 85/673,251 and 85/669,225 and that these office actions, copies of which are purportedly attached to the Counterclaims as Exhibits P and Q and are available through public records, speak for themselves.  K2 Intelligence denies the remaining allegations of paragraph 42.

43.     K2 Intelligence admits that Jules B. Kroll has participated on a panel at the Council of Institutional Investors Conference.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and therefore denies the same.

44.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies the same.

45.     K2 Intelligence denies that the parties' respective marks and services are confusingly similar.  K2 Intelligence further denies that, on September 1, 2011, K2 Intelligence opened a London office located at Albemarle House, 1 Albemarle Street, London W1S 4HA.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, and therefore denies the same.

46.     K2 Intelligence denies that the parties' respective marks and services are confusingly similar or that confusion is likely.  K2 Intelligence admits that K2 Intelligence,

Inc.'s and K2 Intelligence LLC's current principal place of business is located at 845 Third Avenue, 4th Floor, New York, New York 10022.  K2 Intelligence denies that K2 Global Partners LLC's current principal place of business is located at 845 Third Avenue, 4th Floor, New York, New York 10022.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46, and therefore denies the same.

47.     K2 Intelligence denies the allegations of paragraph 47.

48.     Paragraph 48 of the Counterclaims contains conclusions of law, to which no response is required.  To the extent a response is required, K2 Intelligence admits that a trademark or service mark disclaimer is a statement made of public record that the applicant or registrant does not claim exclusive rights to use the specific "disclaimed" elements of the mark in a trademark or service mark application.  K2 Intelligence denies the remaining allegations of paragraph 48.

49.     K2 Intelligence denies the allegations of paragraph 49.

50.     Paragraph 50 of the Counterclaims contains conclusions of law, to which no response is required.  To the extent a response is required, K2 Intelligence admits that the phrases "K2 Intelligence," "K2 Difference," "K2 Experience," "K2 Technology," and "K2 Perspective" are used in a video entitled "K2 Difference," which is referenced in paragraph 50 of the Counterclaims.  K2 Intelligence denies the remaining allegations of paragraph 50.

51.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies the same.

52.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies the same.

NY01 2651184 v1

53.    K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore denies the same.

54.    K2 Intelligence denies that the purported marketing materials of the parties referred to in paragraph 54 demonstrate that the parties have directly overlapping services.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54, and therefore denies the same.

55.    K2 Intelligence admits that, on or around April 7, 2011, Jeremy Kroll, on behalf of K2 Intelligence, was interviewed in a video entitled "K2's Kroll Says Insider Trading Now an 'Enterprise Risk':  Video," available through bloomberg.com, which concerned insider trading investigations.  The article accompanying the video, which purportedly is attached to the Counterclaims as Exhibit R, speaks for itself.

56.    K2 Intelligence admits that a copy of its marketing material entitled "K2 Intelligence Due Diligence" is purportedly attached to the Counterclaims as Exhibit S.  K2 Intelligence refers to this Exhibit for the contents thereof.

57.    K2 Intelligence admits that a copy of its marketing material entitled "K2 Intelligence Investment Intelligence" is purportedly attached to the Counterclaims as Exhibit T.  K2 Intelligence refers to this Exhibit for the contents thereof.

58.    K2 Intelligence admits that a copy of its "Press Kit" is purportedly attached to the Counterclaims as Exhibit U.  K2 Intelligence refers to this Exhibit for the contents thereof.

59.    K2 Intelligence admits that a copy of its marketing material entitled "June Newsletter:  Our Clients Ask for Reputational Diligence" is purportedly attached to the Counterclaims as Exhibit V.  K2 Intelligence refers to this Exhibit for the contents thereof.

NY01 2651184 v1

60.     K2 Intelligence admits that a copy of its marketing material entitled "Insider Trading:  New Approaches to an Old Problem" is purportedly attached to the Counterclaims as Exhibit W.  K2 Intelligence refers to this Exhibit for the contents thereof.

61.     K2 Intelligence denies the allegations of paragraph 61.

62.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

63.     K2 Intelligence denies that the "K2" mark has become identified in the minds of consumers exclusively with K2 Advisors' services or that these services are of high quality.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

64.     Paragraph 64 of the Counterclaims contains conclusions of law, to which no response is required.  K2 Intelligence denies that K2 Advisors has prior service mark rights.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

65.     K2 Intelligence admits that a copy of the April 19, 2011 letter from K2 Advisors' counsel to Jules B. Kroll is attached to K2 Intelligence's Complaint as Exhibit A thereto.  K2 Intelligence refers to this Exhibit for the contents thereof.

66.     K2 Intelligence admits that counsel for K2 Advisors never received a response to their letter dated April 19, 2011.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

67.     K2 Intelligence admits that a copy of the March 21, 2013 letter from K2 Advisors' counsel to K2 Intelligence's counsel is attached to K2 Intelligence's Complaint as Exhibit B thereto.  K2 Intelligence refers to this Exhibit for the contents thereof.

68.     K2 Intelligence admits the allegations of paragraph 68.

69.     K2 Intelligence admits the allegations of paragraph 69.

70.     K2 Intelligence admits that, on July 12, 2013, a conference call between K2 Advisors and K2 Intelligence took place.  K2 Intelligence further admits that counsel for K2 Intelligence and the CFO and Co-Founder/CEO for K2 Intelligence participated in this conference call.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

71.     K2 Intelligence denies the allegations of paragraph 71.

72.     K2 Intelligence admits that it filed a declaratory judgment complaint in the instant action on July 31, 2013.  K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

## FIRST CLAIM FOR RELIEF

### Service Mark Infringement – 15 U.S.C. § 1114

73.     K2 Intelligence incorporates by reference its responses in paragraphs 1 through 72 of this Reply to Counterclaims as if set forth fully herein.

74.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

75.     K2 Intelligence denies the allegations of paragraph 75.

76.     K2 Intelligence denies the allegations of paragraph 76.

77.     K2 Intelligence denies the allegations of paragraph 77.

NY01 2651184 v1

78.     K2 Intelligence denies the allegations of paragraph 78.

79.     K2 Intelligence denies the allegations of paragraph 79.

## SECOND CLAIM FOR RELIEF

### Unfair Competition – 15 U.S.C. § 1125(a)

80.     K2 Intelligence incorporates by reference its responses in paragraphs 1 through 79 of this Reply to Counterclaims as if set forth fully herein.

81.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

82.     K2 Intelligence denies the allegations of paragraph 82.

83.     K2 Intelligence denies the allegations of paragraph 83.

84.     K2 Intelligence denies the allegations of paragraph 84.

## THIRD CLAIM FOR RELIEF

### Common Law Service Mark Infringement

85.     K2 Intelligence incorporates by reference its responses in paragraphs 1 through 84 of this Reply to Counterclaims as if set forth fully herein.

86.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same

87.     K2 Intelligence denies the allegations of paragraph 87.

88.     K2 Intelligence denies the allegations of paragraph 88.

89.     K2 Intelligence denies the allegations of paragraph 89.

90.     K2 Intelligence denies the allegations of paragraph 90.

91.     K2 Intelligence denies the allegations of paragraph 91.

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

NY01 2651184 v1

92.     K2 Intelligence incorporates by reference its responses in paragraphs 1 through 91 of this Reply to Counterclaims as if set forth fully herein.

93.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

94.     K2 Intelligence denies the allegations of paragraph 94.

95.     K2 Intelligence denies the allegations of paragraph 95.

96.     K2 Intelligence denies the allegations of paragraph 96.

<strong><u>FIFTH CLAIM FOR RELIEF</u></strong>

<strong>Dilution and Injury to Business Reputation under New York Law</strong>

97.     K2 Intelligence incorporates by reference its responses in paragraphs 1 through 96 of this Reply to Counterclaims as if set forth fully herein.

98.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

99.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

100.     K2 Intelligence is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

101.     K2 Intelligence denies the allegations of paragraph 101.

102.     K2 Intelligence denies the allegations of paragraph 102.

103.     K2 Intelligence denies the allegations of paragraph 103.

<strong><u>FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE CLAIM</u></strong>

K2 Advisors' Counterclaims are barred, in whole or in part, because they fail to state claims upon which relief may be granted.

<strong><u>SECOND AFFIRMATIVE DEFENSE – ABSENCE OF INJURY OR DAMAGES</u></strong>

NY01 2651184 v1

K2 Advisors is not entitled to any monetary relief because it has not sustained any damages.

### THIRD AFFIRMATIVE DEFENSE – ADEQUATE REMEDY AT LAW

In the alternative, K2 Advisors is not entitled to any injunctive relief because it has an adequate remedy at law.

### FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

K2 Advisors' Counterclaims are barred, in whole or in part, by the doctrines of laches, acquiescence, unclean hands and/or estoppel.


Dated: September 24, 2013

By:  */s/ Margaret C. Lu*
Howard J. Shire (HS8892)
Margaret C. Lu (ML2295)
KENYON & KENYON LLP
One Broadway
New York, New York 10004
Phone: (212) 425-7200
Fax.: (212) 425-5288
Email: hshire@kenyon.com
            mlu@kenyon.com

Stephen D. Susman (SS8591)
SUSMAN GODFREY L.L.P.
560 Lexington Avenue
New York, New York 10022
Phone: (212) 336-8330
Fax: (212) 336-8340
Email:  ssusman@susmangodfrey.com

*Attorneys for Plaintiffs,*
*K2 Global Partners LLC, K2 Global Consulting,*
*N.A., LLC, K2 Global Consulting, Inc. and K2*
*Intelligence LLC*

- 14 -

NY01 2651184 v1

## CERTIFICATE OF SERVICE

I hereby certify that copies of the *Reply to Counterclaims,* were served on September 24, 2013 by electronic means via the Court's CM/ECF system on the following attorneys:

| | |
|---|---|
| Lisa Greenwald-Swire<br>Kathy Tsai<br>FISH & RICHARDSON P.C. (CA)<br>500 Arguello Street<br>Suite 500<br>Redwood City, CA 94063<br>greenwald-swire@fr.com<br>tsai@fr.com | Kristen McCallion<br>FISH & RICHARDSON P.C. (NYC)<br>601 Lexington Ave<br>52nd floor<br>New York, NY 10022<br>mccallion@fr.com |
| Andrew H. Schapiro<br>Jessica A. Rose<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue<br>22nd Floor<br>New York, NY 10010<br>andrewschapiro@quinnemanuel.com<br>jessicarose@quinnemanuel.com | Stephen D. Susman<br>SUSMAN GODFREY LLP (TX)<br>1000 Louisiana Street<br>Suite 5100<br>Houston, TX 77002<br>ssusman@susmangodfrey.com |

 /s/ *Margaret C. Lu*
Howard J. Shire
Margaret C. Lu
KENYON & KENYON LLP
One Broadway
New York, NY 10004
hshire@kenyon.com
mlu@kenyon.com